IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD AUSTIN, ) | No. C 06-4088 RMW (PR) |
| Petitioner, ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS; FURTHER SCHEDULING ORDER |
| vs. ) | |
| A.P. KANE, Warden, ) | |
| Respondent. ) | (Docket No. 10) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board's") denial of parole. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition and petitioner has filed opposition. Respondent filed a reply and petitioner filed a response to the reply. Having reviewed the papers, the court DENIES respondent's motion to dismiss and issues a further scheduling order as set forth below.

**BACKGROUND**

In 1980, petitioner was sentenced to fifteen years-to-life in prison after his conviction in Sacramento Superior Court for second degree murder (Cal. Penal Code § 190). Petitioner has received six parole hearings, and he challenges the Board's

continued denial of parole at these hearings.  Petitioner filed a state habeas petition in the state superior court which was denied on November 1, 2004.  Petitioner filed a habeas petition with the state appellate court which was denied on January 26, 2005.  Petitioner then filed a habeas petition in the state supreme court which was denied on March 22, 2006.  Petitioner filed the instant petition on June 30, 2006.

## DISCUSSION

Respondent moves to dismiss the petition on the grounds that the allegations in the petition do not establish standing, and are too vague to state a cognizable claim for relief.  Respondent asserts that petitioner lacks standing and that his allegations are too vague because he has failed to identify the specific parole hearing at which the Board violated his rights.  In order to establish standing under Article III of the United States Constitution, petitioner "must allege personal injury traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Allen v. Wright, 468 U.S. 737, 751 (1984).  Moreover, a petition is subject to dismissal for vagueness if the petitioner fails to allege specific facts that show a federal claim is presented.  Jones v. Gomez, 66 F.3d 1999, 204-05 (9th Circ. 1995).

In the Order to Show Cause, the court found that petitioner had asserted the following two claims for relief: (1) that the Board violated his due process protections and guarantees under clearly established federal law through parole denials by continually denying parole based upon the commitment offense; and (2) the Board's continued denial of parole violates petitioner's plea agreement contract that he entered into and that this contract is enforceable under both state and federal law.  Respondent asserts that petitioner's allegations that the Board "continually denied" his rights fails to establish standing and are too vague because respondent cannot discern when or at what hearing petitioner's rights were violated.  Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally, however, Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001), and when liberally construed, petitioner's allegations do sufficiently identify the parole hearings at which he claims the Board violated his rights.

1    Petitioner sets forth his claims in attachments to his form federal petition.
2 Included in the attachments is a form petition to the California Supreme Court, as well as
3 a "Memorandum of Points and Authorities" ("MPA") in support of his habeas petition,
4 both of which are dated January 22, 2005.  Petitioner sets forth his two claims in the form
5 petition to the California Supreme Court, and then he continues to explain the claims in
6 greater detail in the MPA.  In explaining his first claim, petitioner states in the MPA that
7 he has appeared before the Board "a total of six time[s], and in *every parole hearing* the
8 [Board] has found petitioner unsuitable based upon the commitment offense."
9 (Attachment to Petition, MPA at 3.)  As the MPA was dated January 22, 2005, such an
10 allegation, when liberally construed, clarifies what petitioner means by the Board
11 "continually" denying his right to due process; petitioner is claiming that the Board has
12 violated his right to due process six times, at every one of his six parole hearings that
13 occurred prior to January 22, 2005.  As such, petitioner's allegations set forth sufficient
14 facts to show a federal claim is presented.  Such allegations also sufficiently alleges injury
15 to satisfy the standing requirement – the injury being that petitioner's right to due process
16 was violated six times, at each of the pre-2005 parole hearings.

17    In connection with his second claim, that the Board's "continued denials of parole"
18 violated his plea agreement, petitioner explains that such violations occurred "once
19 petitioner's term of confinement reached 22 years." (Attachment to Petition, Form
20 Petition to California Supreme Court at 4.)  As petitioner was convicted in 1980, such an
21 allegation, when liberally construed, fairly indicates that petitioner is asserting that the
22 Board violated his plea agreement at every parole denial that occurred between 2002 and
23 the January 22, 2005, when the form petition was signed and dated.  As such, plaintiff's
24 allegations with respect to his second claim are sufficiently specific to state a cognizable
25 claim for federal habeas relief, and sufficiently allege an injury to establish standing.
26    Accordingly, respondent's motion to dismiss the petition is DENIED.

27                                    **CONCLUSION**
28    1.    Respondent's motion to dismiss the petition (docket no. 10) is DENIED.

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.06\Austin088mtddny.wpd            3

1     2.    Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying prison disciplinary record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    3.    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

    4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: 3/28/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge