*E-FILED - 4/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD AUSTIN, | No. C 06-4088 RMW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| A.P. KANE, Warden, | (Docket No. 1) |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board").[1] Respondent filed an answer, and petitioner filed a traverse. For the reasons discussed below, the court DENIES the petition for a writ of habeas corpus as untimely.

## BACKGROUND

In 1980, petitioner pled guilty to second degree murder. He was sentenced to a term of fifteen years to life in state prison. Petition at 2-3. Since 1987, petitioner has been denied parole fourteen times. Answer ¶ 2; Traverse at 3, 6. Petitioner has

---

[1] The Board of Parole Hearings replaced the Board of Prison Terms effective July 1, 2005. Cal. Penal Code § 5075(a).

1  appeared for a hearing before the Board on twelve occasions, and stipulated to being
2  unsuitable for parole on two other occasions -- in 1994 and 2003.[2]  Answer ¶ 2 & Ex. 2.
3  The two most recent parole hearings took place on November 1, 2002, with the Board's
4  decision becoming final on March 1, 2003, and on November 2, 2006, with the Board's
5  decision becoming final on March 2, 2007.[3]  *Id*., MPA at 6 & Ex. 2.  On August 26, 2004,
6  petitioner filed a state habeas petition in Sacramento Superior Court, which was denied on
7  November 1, 2004.  *Id*. ¶ 3, Exs. 3 & 4.  On December 15, 2004, petitioner filed a state
8  habeas petition in California Court of Appeal, which was summarily denied on January 6,
9  2005.  *Id*. Exs. 5 & 6.  On January 22, 2005, petitioner filed a habeas petition in
10 California Supreme Court, which was summarily denied on March 22, 2006.  *Id*. Exs. 7 &
11 8.

12     Petitioner filed the instant petition on June 30, 2006.  The petition asserts two
13 claims: (1) the Board violated petitioner's due process rights under clearly established
14 federal law by denying parole based upon the commitment offense during the hearings
15 prior to 2005; and (2) the Board's denial of parole between 2002 and 2005 violated
16 petitioner's plea agreement.  Respondent filed an answer to the petition, and petitioner
17 filed a traverse.

---

[2] In his petition, petitioner neither references the denial of parole in 2003, nor attaches the Board's 2003 decision.  Respondent claims that petitioner stipulated to his unsuitability for parole on November 7, 2003, and provides evidentiary support for this claim.  *See* Answer, Ex. 2.  In his traverse, petitioner references the parole hearing in 2003; however, he neither rebuts respondent's evidence of stipulation, nor raises a challenge to the stipulation as coerced or involuntary.  Accordingly, the court will not consider any challenge to the denial of parole in November 2003.

[3] *See* Cal. Penal Code § 3041(b) (providing that a parole hearing penal decision becomes final within 120 days of the hearing).
 In his traverse, petitioner explicitly disavows seeking relief from the Board's denial of parole in November 2006.  *See* Traverse at 2.  Even if petitioner chose to seek such relief, his claim would have to be dismissed as unexhausted, as the 2006 hearing took place after all three state habeas petitions have been denied.  *See* 28 U.S.C. § 2254(b), (c) (prisoners in state custody who wish to challenge collaterally in federal habeas proceedings the length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the denial of parole, § 2244(d)(1)(D) applies, and the one-year limitations period begins to run on the date the administrative decision becomes final. *See id.* at 1066 (limitation period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when the Board denied prisoner's administrative appeal challenging denial of parole).

**A.     Timeliness of Claim 1.**

In Claim 1, petitioner asserts that in every parole hearing prior to 2005, the Board violated his due process rights by finding him unsuitable for parole based upon the

commitment offense. Attachment to Petition, Form Petition to California Supreme Court at 3. Respondent argues that the statute of limitations as to this claim started to run at the latest on March 1, 2003, the day the most recent relevant Board's decision became final.[4] Thus, the limitations period expired on March 1, 2004, well before the federal petition had been filed, and the claim is untimely. Answer, MPA at 6. Petitioner does not address the timeliness issue. The court concludes that the limitations period to file a federal habeas petition regarding Claim 1 began running on March 1, 2003. *See Shelby*, 391 F.3d at 1066. Thus, petitioner had until March 1, 2004 to file his federal habeas petition. The instant petition was not filed until June 30, 2006, which was more than two years three months after the expiration of the limitations period. Therefore, absent tolling, Claim 1 is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner's first state habeas petition was not filed until August 26, 2004, more than five months after the limitations period had already expired. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Therefore, there is no basis for statutory tolling in this case.

Further, although equitable tolling may be available in limited cases, petitioner does not offer any bases for such tolling in this case. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (noting that it is petitioner's burden to demonstrate that such

---

[4] As discussed above, petitioner stipulated to being unsuitable for parole in November 2003, and does not challenge the parole denial in November 2006. *See supra* at 2, n.2 & 3.

an extraordinary exclusion should apply to him). Accordingly, Claim 1 must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

**B.     Timeliness of Claim 2.**

In Claim 2, petitioner asserts that the Board's denial of parole after petitioner served 22 years of his sentence violated the terms of his plea agreement. Attachment to Petition, Form Petition to California Supreme Court at 4. Petitioner claims he was sentenced to a term of fifteen years to life; however, he contends he pled guilty with the understanding that he would serve no more than 22 years. *Id*. Petitioner was sentenced on March 27, 1980; thus, he completed serving 22 years of his sentence on March 27, 2002. Petition at 2. Respondent asserts that the statute of limitations for Claim 2 started running either upon petitioner's completion of twenty-two years of his sentence or at the time of the first Board hearing following that date. In either case, the limitations period expired well before petitioner filed his petition, and thus, the claim is untimely. Answer, MPA at 7. Petitioner argues that this claim is timely, relying on *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003) and *Carey v. Saffold*, 536 U.S. 214 (2002) (both addressing statutory tolling). Traverse at 11.

Petitioner's first parole hearing after he completed serving 22 years of his sentence took place on November 1, 2002. The Board's decision denying parole became final on March 1, 2003. The court concludes that the factual predicate for petitioner's claim that his plea agreement was violated was known to him no later than March 1, 2003, and the statute of limitations period started running on that date.[5] Petitioner did not file his federal habeas petition challenging the breach of the plea agreement until two years three months after the one-year limitations period had expired. As with Claim 1, Claim 2 is

---

[5] Although petitioner does not seek relief from the Board's denial of parole in 2006 (*see* Traverse at 2), the court notes that petitioner cannot revive the time-barred claim by asserting that the agreement, which by petitioner's account was irrevocably breached after he served 22 years of his sentence, was breached again at the next parole hearing in 2006. *See Bragg v. Kane*, Case No. C 05-5129 JSW (PR), 2009 WL 613834, at *8 (N.D. Cal. Mar. 9, 2009). Furthermore, any claim based on the Board's decision in 2006 would have to be dismissed as unexhausted, since the 2006 hearing took place after all three state habeas petitions have been denied. *See supra* at 2, n.3.

1 untimely, absent tolling.

2   There is no basis for statutory tolling for Claim 2, because petitioner's first state habeas petition was not filed until August 26, 2004, more than five months after the limitations period had already expired. *See Ferguson*, 321 F.3d at 823. Petitioner's reliance on *Brown* and *Carey* is inapposite. In *Brown*, the Ninth Circuit held that the limitations period was statutorily tolled during the time that the state habeas petition was removed from state court calendar at petitioner's request while she was awaiting the result of her parole hearing. 337 F.3d at 1158. In *Carey*, the Supreme Court held that the limitations period was statutorily tolled during the interval between a lower court's determination and filing of a further state habeas petition in a higher court. 536 U.S. at 225. Neither of these opinions can be analogized to the instant case. Petitioner does not present any reason why his state petition was filed more than five months after the limitations period had already expired. In addition, petitioner does not offer any bases for equitable tolling in this case. Accordingly, Claim 2 must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

The instant petition is DENIED pursuant to 28 U.S.C. § 2244(d)(1) as untimely.

IT IS SO ORDERED.

DATED:  4/14/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge